UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

------------------------------------X
                                    :
LORI GONZALEZ,                      :
                                    :
                    Plaintiff,      :      3:12 CV 137
                                    :
       against                      :
                                    :
HMX, LLC,                           :
                                    :
                    Defendant.      :
                                    :
                                    :
------------------------------------X

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant HMX, LLC ("HMX" or "Defendant"), by its attorneys, Proskauer Rose LLP, hereby responds to Plaintiff, Lori Gonzalez's ("Gonzalez's" or "Plaintiff's") Complaint, as follows:

### AS TO "EMPLOYMENT DISCRIMINATION COMPLAINT"

To the extent that the first unnumbered paragraph of the Complaint merely describes the nature of this lawsuit, no answer is necessary. To the extent that an answer is necessary, HMX denies each and every allegation contained therein.

### AS TO "JURISDICTION AND VENUE"

To the extent that the second unnumbered paragraph of the Complaint merely describes the jurisdictional basis of this lawsuit, no answer is necessary. To the extent an answer is necessary, HMX denies each and every allegation contained therein.

### PARTIES

**Paragraph 1:**  The Plaintiff, Lori Gonzalez, at all times relevant to this cause of action was a resident of the County of LaPorte, State of Indiana.

**Answer to Paragraph 1**: HMX is without knowledge or information sufficient to form a belief as to the truth of the allegations as stated in this Paragraph of the Complaint.

**Paragraph 2**: The Defendant, HMX, LLC is a private entity which maintains offices and conducts business in the Northern District of Indiana, as a holding company which engages in the manufacture and marketing of apparel for men and women.

**Answer to Paragraph 2**: HMX admits the allegations as stated in this Paragraph of the Complaint.

**Paragraph 3**: At all times relevant to this Complaint, the Defendant, is and has been engaged in an industry affecting commerce within the meaning of §§701(b), (g) and (h) of Titles VIII, 42 U.S.C. §§2000e(b), (g), and (h), and at all such times has employed more than 15 employees.

**Answer to Paragraph 3**: HMX admits the allegations as stated in this Paragraph of the Complaint.

**Paragraph 4**: More than 30 days prior to the institution of this lawsuit, Plaintiff Lori Gonzalez filed a charge with the Equal Employment Opportunity Commission alleging violations of the Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000e-15, by Defendant. All conditions precedent to the institution of this lawsuit has been fulfilled.

**Answer to Paragraph 4**: HMX admits that more than 30 days prior to filing this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging violations of Title VII. HMX denies the remaining allegations as stated in this Paragraph of the Complaint.

**Paragraph 5**: Plaintiff Lori Gonzalez became an employee of HMX, LLC upon its takeover of Hartmarx Corp. on or about January 23, 2009; Plaintiff Lori Gonzalez began her employment with Hartmarx Corp. on or about November 14, 1977.

**Answer to Paragraph 5**:   HMX admits Plaintiff began her employment with Hartmarx Corp. on or about November 14, 1977.  HMX denies the remaining allegations as stated in this Paragraph of the Complaint.

**Paragraph 6**:   Plaintiff Lori Gonzalez timely filed a charge of gender discrimination on or about May 3, 2011 with the Equal Employment Opportunity Commission, charge number 846-2011-28574, a copy of which is attached hereto, made part hereof and incorporated herein as Exhibit "A."

**Answer to Paragraph 6**:   HMX admits that Plaintiff filed Charge No. 846-2011-28574 alleging sex discrimination with the EEOC, and attached a copy as Exhibit A.  HMX denies the remaining allegations as stated in this Paragraph of the Complaint

**Paragraph 7**:   The U.S. Department of Justice, Civil Rights Division issued a "Notice of Right to Sue on December 20, 2011, a copy of which is attached hereto, made part hereof, an incorporated herein as Exhibit "B"; this Complaint has been filed with 90 days after receipt thereof.

**Answer to Paragraph 7**:   HMX admits a Dismissal and Notice of Rights was issued on December 20, 2011, and a copy is attached as Exhibit B.  HMX denies the remaining allegations as stated in this Paragraph of the Complaint.

**Paragraph 8**:   Plaintiff Lori Gonzalez alleges that her federally protected civil rights under her federally protected civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-15 were interfered with because of the intentional, malicious, reckless and discriminatory acts of HMX, LLC.

**Answer to Paragraph 8**:   HMX denies the allegations as stated in this Paragraph of the Complaint.

**Paragraph 9**: Plaintiff Lori Gonzalez alleges that on or about November 19, 2010, Defendant announced that it was closing the Michigan City, Indiana office, the primary location from where Plaintiff performed her job duties.

**Answer to Paragraph 9**: HMX admits it announced on or about November 19, 2010 its intention to close its Michigan City, Indiana facility at a later date. HMX denies the remaining allegations as stated in this Paragraph of the Complaint.

**Paragraph 10**: Plaintiff Lori Gonzalez also states that she maintained office space and phone number at Defendant's main offices, located in Des Plaines, Illinois.

**Answer to Paragraph 10**: HMX denies the allegations as stated in this Paragraph of the Complaint.

**Paragraph 11**: Plaintiff Lori Gonzales states that at the time the announcement was made regarding the closure of the Michigan City, Indiana office that she was already commuting to the Des Plaines, Illinois office as necessary.

**Answer to Paragraph 11**: HMX denies the allegations as stated in this Paragraph of the Complaint.

**Paragraph 12**: Plaintiff Lori Gonzalez states that she was never offered the opportunity to move to the Des Plaines, Illinois office and thereby, was unable to refuse that opportunity.

**Answer to Paragraph 12**: HMX denies the allegations as stated in this Paragraph of the Complaint.

**Paragraph 13**: Plaintiff Lori Gonzalez states that the office in Michigan City, Indiana remains open, with signage in the window and lights on during hours of operation.

**Answer to Paragraph 13**:   HMX denies the allegations as stated in this Paragraph of the Complaint.  Answering further, HMX states that Plaintiff's former job responsibilities are no longer performed from the Michigan City office, and the Michigan City office will completely close upon the end of the office lease in Fall 2012.

**Paragraph 14**:   Plaintiff Lori Gonzalez states that she was replaced by a male, Jason Filer, who was previously terminated from the company six months earlier and did not have the same experience that she did for the position.

**Answer to Paragraph 14**:   HMX denies the allegations as stated in this Paragraph of the Complaint.

**Paragraph 15**:   Plaintiff Lori Gonzalez further states that Mark Holzman, her former supervisor, that Filer was hired and replacing Gonzalez because "he needed a job" after filing for bankruptcy and he wanted to start a family.

**Answer to Paragraph 15**:   HMX denies the allegations as stated in this Paragraph of the Complaint.

**Paragraph 16**:   Plaintiff Lori Gonzalez states that she was required to train Filer for her position.

**Answer to Paragraph 16**:   HMX denies the allegations as stated in this Paragraph of the Complaint.

**Paragraph 17**:   Plaintiff Lori Gonzalez states that upon HMX acquiring Hartmarx, her salary was slashed by twenty-two (22%) percent and is unaware of any of the male managers receiving such a similar pay cut.

**Answer to Paragraph 17**:   HMX denies the allegations as stated in this Paragraph of the Complaint.

**Paragraph 18**: Plaintiff Lori Gonzalez states that she was often excluded from business and social events with customers, with males in lesser management roles being allowed to attend such events with customers.

**Answer to Paragraph 18**: HMX denies the allegations as stated in this Paragraph of the Complaint.

**Paragraph 19**: That as a result of Defendant's breach of Plaintiff's civil rights, Plaintiff has suffered the loss of her employment, lost wages, emotional pain and suffering, mental anguish and defamation of her character and reputation.

**Answer to Paragraph 19**: HMX denies the allegations as stated in this Paragraph of the Complaint.

## COUNT II

## AGE DISCRIMINATION

**Paragraph 20**: Plaintiff Loris Gonzalez realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 15 above and further alleges that HMX, LLC. engaged in discrimination based upon age.

**Answer to Paragraph 20**: HMX repeats and realleges each and every answer to the allegations contained in Paragraphs 1 through 19, inclusive of the Complaint. Answering further, HMX denies the allegations as stated in this Paragraph of the Complaint.

**Paragraph 21**: More than 30 days prior to the institution of this lawsuit, Plaintiff Lori Gonzalez filed a charge with the Equal Employment Opportunity Commission alleging violations of Age Discrimination in Employment Act of 1967, as amended by 29 U.S.C. §621, by Defendant HMX, LLC. All conditions precedent to the institution of this lawsuit has been fulfilled.

**Answer to Paragraph 21**: HMX admits that more than 30 days prior to filing this lawsuit Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging

6

violations of Age Discrimination in Employment Act. HMX denies the remaining allegations as stated in this Paragraph of the Complaint.

**Paragraph 22**: Plaintiff Lori Gonzalez was born June 15, 1959 and was fifty-two (52) years old at the time of her termination from HMX.

**Answer to Paragraph 22**: HMX admits Plaintiff was born June 15, 1959. HMX denies the remaining allegations as stated in this Paragraph of the Complaint.

**Paragraph 23**: Plaintiff states that she was replaced by Jason Filer, a thirty-four (34) year old male who is eighteen years her junior.

**Answer to Paragraph 23**: HMX denies the allegations as stated in this Paragraph of the Complaint.

**Paragraph 24**: That as a result of Defendant's breach of Plaintiff's civil rights, Plaintiff has suffered the loss of her employment, lost wages, emotional pain and suffering, mental anguish and defamation of her character and reputation.

**Answer to Paragraph 24**: HMX denies the allegations as stated in this Paragraph of the Complaint.

## DEFENSES

### FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

On information and belief, Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations and/or statutory periods for filing an administrative charge of discrimination and/or by the doctrine of laches.

## THIRD DEFENSE

All actions by HMX toward Plaintiff were lawful and were made in good faith compliance with applicable provisions of all federal, state, and local laws, rules and regulations.

## FOURTH DEFENSE

Plaintiff has failed to make reasonable efforts to mitigate her alleged damages.

## FIFTH DEFENSE

HMX's actions with respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory, non-prohibited reasons and/or for good cause.

## SIXTH DEFENSE

The claims in the Complaint are barred, in whole or in part, as to any matters: (i) not contained in Plaintiff's administrative charge filed with the Equal Employment Opportunity Commission; (ii) for which no right to sue letter has been issued and/or (iii) for which Plaintiff failed to exhaust administrative remedies.

## SEVENTH DEFENSE

To the extent HMX was motivated in part by unlawful reasons (which Defendant denies), it would have taken the same actions with respect to Plaintiff for lawful, nondiscriminatory reasons.

**EIGHTH DEFENSE**

To the extent that Plaintiff suffered damages as alleged, such damages were caused or contributed to by Plaintiff's own actions or actions of others over whom HMX exercised no control.

**NINTH DEFENSE**

Plaintiff's claims for compensatory and/or punitive damages are barred, in whole or in part, because HMX's alleged conduct did not rise to the required level of culpability to justify an award of such damages.

**TENTH DEFENSE**

Plaintiff is not entitled to recover punitive damages because at all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, HMX engaged in good faith efforts to comply with all laws prohibiting discrimination and/or harassment in employment.

**ELEVENTH DEFENSE**

HMX reserves the right to assert additional defenses as information is gathered during discovery.

WHEREFORE, Defendant, HMX, respectfully requests that this Honorable Court (i) find in its favor and against Plaintiff on each and every claim asserted herein; (ii) dismiss Plaintiff's complaint in its entirety, *with prejudice*; (iii) award Defendant all attorneys fees and costs expended in defense of this case; and (iv) award Defendant such other relief as this Honorable Court deems just and appropriate.

Dated: April 24, 2012

**HMX, LLC**

By: /s *Shelbie J. Byers*
Nigel F. Telman
Shelbie J. Byers
Attorneys for Defendant
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602
(312) 962-3548

## CERTIFICATE OF SERVICE

I, Shelbie J. Byers, one of the attorneys for Defendant HMX, certify that I caused a copy of the attached Answer to be served via the Court's CM/ECF system on:

Michelle Bazin-Johnson
Shaw R. Friedman
705 Lincolnway
LaPorte, Indiana 46350

this 24th day of April, 2012.

/s/Shelbie J. Byers