UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LORI GONZALEZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 3:12-cv-137 |
| | ) | |
| HMX, LLC, | ) | |

**REPORT OF PARTIES' PLANNING MEETING**

In accordance with Fed. R. Civ. P. 26(f), a telephone conference was held on May 23, 2012 and was attended by:

Michelle Bazin-Johnson, Atty. No. 27021064
Shaw Friedman, Atty. No. 8482-46
FRIEDMAN & ASSOCIATES, P.C.
705 Lincolnway
LaPorte, IN 46350
Phone: (219) 326-1264
Fax: (219) 326-6228
Attorneys for Plaintiff,
Lori Gonzalez

Shelbie J. Byers, Esq., Atty. No. 28489-64
PROSKAUER ROSE LLP
Three First National Plaza
70 West Madison Street, Suite 3800
Chicago, IL 60602
Phone: (312) 962-3550
Fax: (312) 962-3551
Attorney for Defendant,
HMX, LLC

1. **Pre-Discovery Disclosures**.  The parties will exchange by **June 19, 2012,** the information required by Fed. R. Civ. P. 26(a)(1).

2. **Discovery Plan.**  The parties jointly propose to the court the following discovery plan:

    A.   Discovery will be needed on the following subjects:

1

- Fact allegations asserted in Plaintiff's complaint.

- The extent, nature, severity and amount of Plaintiffs damages, if any, and whether Plaintiff mitigated her damages.

- Plaintiff's background.

- Plaintiff's employment relationship with Defendant.

- The events giving rise to Plaintiff's claims of discrimination.

- Communications between Plaintiff and Defendant regarding her termination.

- Communications between Defendant and Plaintiff.

- Complete employee record for Plaintiff.

- Employment and salary record for Jason Filer.

B. <u>Electronically Stored Information</u>   Disclosure or discovery of electronically stored information should be handled as follows:

1. <u>Search for Documents</u>.  The parties agree that all documents responsive to written discovery requests will be produced in hard copy.  The parties may request that specific documents maintained electronically be produced in "NATIVE" format upon a showing of good cause.

2. <u>Search Methodology</u>.  Disclosure and production of ESI will be limited to data that is reasonably available and accessible to the parties in the ordinary course of business.  Cost allocation relating to (i) searching for ESI that is not reasonably available and accessible; and (ii) producing ESI in NATIVE format will be borne by the party requesting such information.

3. <u>Privilege.</u>  A party who, relying on any privilege or the work-product doctrine, does not produce all documents that would have been produced but for the claim of privilege or the work product doctrine must specify which privilege or doctrine it is invoking.

4. <u>Inadvertent Disclosure of Privileged Information</u>.  In the interest of expediting discovery in these proceedings and avoiding unnecessary costs, (a) inadvertent or unintentional disclosure in this litigation of privileged information and/or work product shall not be deemed a waiver, in whole or in part, of any otherwise valid claim of privilege, immunity, or other protection; and (b) failure to assert a privilege and/or work product argument in this litigation *as* to one

document or communication shall not be deemed to constitute a waiver, in whole or in part, of the privilege, immunity, or other protection as to any other document or communication allegedly so protected, even involving the same subject matter. In addition, the parties enter into a "claw-back" agreement whereby a party receiving inadvertently produced documented containing privileged or work-product information agrees to return said privileged documentation within two (2) business days of notification.

The party receiving inadvertently produced privileged information agrees to preserve the confidentiality of such information until any dispute regarding the applicability of the privilege is resolved. In the interests of economy and swift resolution of any dispute, the scope of the discovery and the form ESI is produced may be further limited or modified by agreement of the parties.

5. <u>Preservation of Data</u>. The parties will make every effort to preserve all electronic data relevant to either party's claims or defenses.

6. <u>Additional Issues</u>. At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

7. <u>Protective Order</u>. The parties have agreed to seek a protective order from the Court prior to disclosure by either party of confidential information.

C. <u>Discovery Schedule.</u>

1. The last date for the completion of all discovery is **November 1, 2012**

2. Maximum of **25** interrogatories by each party to any other party.

3. Maximum of **30** requests for admission by each party to any other party.

4. Maximum of **5** depositions by plaintiff and **5** by defendant.

5. Each deposition limited to maximum of **7** hours unless extended by agreement of

   parties.

6. The reports from retained experts under Rule 26(a)(2) are due:

   From plaintiff by **SEPTEMBER 18, 2012**.

   From defendant by **OCTOBER 18, 2012**.

7. Any evidentiary objections to another party's expert witness, whether directed to the witness's qualifications or to the foundation for the anticipated testimony, shall be filed by **60** days before trial.

8. Supplementations under Rule 26(e) due every six weeks until trial.

3. **Other Items.**  [Use separate paragraphs or subparagraphs as necessary if parties disagree.]

The last date for the plaintiff to seek leave of court to join additional parties and to amend the pleadings is **July 1, 2012** .

The last date for the Defendant to seek leave of court to join additional parties and to amend the pleadings is **August 1, 2012**.

The last date for the filing of all potentially dispositive motions is **December 15, 2012**.

The timing of filing pretrial disclosures under Fed. R. Civ. P. 26 (a)(3) shall be governed by separate order.

The parties have not yet agreed upon a mediator.  However, they do not anticipate a problem agreeing to a mediator at a later date.

Thirty (30) days before the final pretrial conference counsel will provide a written status report to the ADR administrator regarding the status of mediation.

The case should be ready for **jury** trial by **March 2013** and at this time is expected to take approximately **three days.**

Counsel are aware that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar.  Counsel know that this includes an evidence presentation system, which consists of a document camera, digital projector, and screen. Counsel know the projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. Counsel acknowledge they can contact one of the Court's courtroom deputy clerks for information or training.

Date: _____

 /s/ Michelle Bazin-Johnson              /s/ Shelbie J. Byers_____
Michelle Bazin-Johnson, Atty. No. 27021-64     Nigel F. Telman, Atty. No. 6216939
Shaw Friedman, Atty. No. 8482-46               Shelbie J. Byers, Atty. No. 28489-64
FRIEDMAN & ASSOCIATES, P.C.                    PROSKAUER ROSE LLP
705 Lincolnway                                 Three First National Plaza
LaPorte, IN 46350                              70 West Madison Street, Suite 3800
(219) 326-1264                                 Chicago, IL 60602
Fax: 219 326-6228                              (312) 962-3550
Attorneys for Plaintiff,                       Fax: (312) 962-3551
Lori Gonzalez                                  Attorney for Defendant, HMX, LLC