UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LORI GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.   3:12cv137 CAN |
| ) | |
| HMX LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER SETTING TRIAL DATE AND FINAL PRETRIAL
CONFERENCE, AND WITH REFERENCE TO CONDUCT OF TRIAL**

A scheduling conference was held in this case on October 9, 2012.  Michelle K. Bazin-Johnson appeared for the plaintiff. Shelbie J. Byers for the defendant.

This case is now set for a **three (3)** day jury trial to commence on **July 16, 2013 at 9:30 a.m. (EDT)**  A final pretrial conference is now set for **July 2, 2013 at 11:00 a.m. (EDT).**  The defendant is to prepare and file the pretrial order no later than **June 25, 2013.** The plaintiff shall provide the defendant with their pretrial submissions to be included in the pretrial order no later than **June 18, 2013.**

To facilitate the trial of this cause and adequate trial preparation by the court and counsel, the court has adopted  this order to govern the pretrial and trial phases of this case.  Counsel are expected to comply with this order, and the court will consider imposition of appropriate sanctions in the event of non-compliance.  Should any party desire to be relieved of any of the obligations created by this order, a written request for relief must be filed not later than twenty (20) days before the applicable deadline.

This order is independent of any other order concerning scheduling deadlines and/or preparation and submission of a proposed pretrial order.

1

## I.  Trial Briefs

Trial briefs are optional. However, if counsel intends to file a trial brief it should be served and filed <u>Not later than 15 days before trial.</u>   Any trial brief should also contain the following:

1.  Identify each issue to be tried and each element of the claim(s) involved in the action, and provide a thorough briefing of the law pertaining to each such issue and element of the claim(s).

2.  Contain appropriate memoranda, with citations to legal authority, in support of evidentiary questions and any other legal issues which reasonably be anticipated to arise at trial.

## II.  Jury Instructions and Voir Dire Questions

<u>Not later than 30 days before trial,</u> counsel shall serve and file a complete set of their proposed jury instructions and voir dire questions and at least 7 days before the final pretrial conference objections to proposed jury instructions and voir dire questions must be filed.

In non-jury cases, all proposed findings of fact and conclusions of law must be filed at least 7 days before the final pretrial conference.

## III.  Exhibits

### (A)  Disclosure to Opposing Counsel

<u>Not later than 20 days before trial</u>, counsel for all parties shall assemble all documents, photographs or other materials that may be introduced in evidence at the trial of this case, and all charts, graphs, models or diagrams that may be used at trial regardless of whether they will be introduced in evidence, and make available to opposing counsel copies of each such document.

### (B)  Admission of Exhibits

At the final pretrial conference, the court may formally admit into evidence all exhibits to which there is no objection.

### (C)  Publication of Exhibits

When the jury retires to consider its verdict, the admitted evidence will be sent to the jury room for the jury's use in its deliberations.  Should counsel wish to publish an exhibit to the jury during the presentation of evidence, counsel shall produce, if feasible, a sufficient number of copies of the exhibit that each juror and the court may have a copy.

### (D)  Exhibits at Trial

1.  <u>Evidence Binders</u>.  All exhibits that may be introduced in evidence shall be assembled into binders, marked by number or letter (plaintiff's exhibits should be marked by numbers, and defendant's exhibits by letters), and set apart by dividers within the binder.  You must produce three such binders at trial:  one for the court, one for the witnesses, and one for opposing counsel.

2.  <u>Witnesses' Binder; Use at Trial</u>.  You should place the actual exhibits to be made part of the record in the witnesses' binder, which will be sent to the jury room during deliberations.  The witnesses' binder will be at the witness stand during the presentation of evidence so that witnesses' attention may be directed to the copies of the exhibits within the binder during their testimony.

3.  <u>Withdrawn Exhibits</u>.  Exhibits contained in the binders, but not admitted into evidence at trial, shall be withdrawn from the witnesses' binder at the conclusion of the evidence.

4.  <u>Exhibit List for Clerk</u>.  You must prepare a list of your exhibits for the courtroom deputy clerk and submit this list of exhibits to the courtroom deputy at the beginning of the trial.  You need not prepare an additional binder of exhibits for the courtroom deputy clerk.

### (E)  Sanctions for Non-Compliance

No document, photograph or other material of any kind whatsoever shall be received in

evidence at the trial or used at the trial for any purpose other than refreshing recollection if not offered in accordance with this procedure, unless (1) the necessity for its use could not reasonably have been foreseen by the time fixed for its production and (2) leave of court for cause shown is obtained on such conditions as the court may consider proper prior to its use.  In any event, as soon as necessity is discovered for the use of such material, it shall be disclosed to opposing counsel and made known to the court.

### IV. Witness List

A. <u>Non-Expert Witnesses</u>.  The pretrial order must set forth the names, addresses, and occupations of all witnesses any party intends to call.  No separate list need be filed with respect to non-expert witnesses.

B. <u>Expert Witnesses</u>.

1. <u>Expert Witness List</u>.  Expert witnesses shall be disclosed in accordance with Fed. R. Civ. P. 26(a)(2) and the scheduling order entered pursuant to Fed. R. Civ. P. 16(b).

2. <u>Agreement as to Qualifications</u>.  Counsel may agree to waive any objections to an expert witness' qualifications to testify as an expert in the designated field.  If this is done, the statement of the witness' qualifications need not be filed, but statement concerning the substance of the expert's testimony still must be filed.  Such an agreement will not preclude a brief presentation of the expert's qualifications at trial.

3. <u>Disagreement as to Qualifications</u>.  Objections to a party's expert witness, whether directed to the witness' qualifications or to the foundation for the anticipated testimony must be filed on or before the dispositive motions deadline.  Failure to file such objections will be deemed a waiver of any objection to opinion testimony outlined in the statement filed by the witness' proponent.

4

### V.  Motions in Limine

<u>Not later than 7 days prior to the final pretrial conference</u>, counsel shall file any motions in limine, in duplicate, at the same time serving a copy on counsel for all parties, together with appropriate memoranda citing points and authorities.

### VI.  Settlement

The parties are admonished to pursue vigorously the possibility of settlement during the entire pendency of this action, through and including the end of trial.  With respect to jury cases, counsel are advised that Local Rule 47.3 provides:

> If for any reason attributable to counsel or the parties, including a settlement or change of plea, the court is unable to commence a jury trial as scheduled where a panel of prospective jurors has reported to the courthouse for the voir dire, or a selected jury reports to try the case, the court may, unless good cause is shown, assess against counsel or the parties responsible all or part of the cost of the panel including Marshal's fees, mileage and per diem.  There shall be no costs assessed if the Clerk's office is notified at least one (10 business day prior to the day on which the action is scheduled for trial.

### VII.  Prior Orders -- Issues

Any previous order of the court shall continue to bind the parties, except as hereafter modified by the court, and the parties shall not be permitted to enlarge the issues as limited by any pretrial order or the pleadings except upon order of the court expressly allowing such enlargement of the issues.

Also, please note that all federal courts are operating under heightened security measures.  Individuals entering this building will be required to present picture identification, state the purpose of their visit and pass all screening procedures.  Visitors who are unable to present picture identification will not be admitted to the courthouse.  Counsel should advise their clients and all individuals attending the settlement conference of these security requirements.  Thank you for your cooperation.

By agreement of the parties, the Court **EXTENDED** the discovery deadline to **December 3, 2012.**

**SO ORDERED.**

Dated this October 9, 2012.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
